UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **VALLIRE SCOTT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-2418** |
| **U.S. DEPARTMENT OF AGRICULTURE** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 22). For the following reasons, the Motion is GRANTED.

## BACKGROUND

On September 26, 2012 Plaintiff filed this employment discrimination action alleging that her employment with the U.S. Department of Agriculture was terminated because of her physical disability. Defendant filed a Motion to Dismiss, arguing that this Court lacked subject matter

1

jurisdiction to hear Plaintiff's case because she did not exhaust her administrative remedies prior to filing suit.  Plaintiff opposed the Motion, arguing that she had exhausted her remedies and received a 'right to sue letter' from the Equal Opportunity Employment Commission ("EEOC"). The Court denied the Motion to Dismiss without prejudice and ordered the Plaintiff, who is proceeding pro-se, to produce a copy of the letter within 30 days.  Plaintiff timely produced a copy of the letter, and Defendant re-urged its Motion, this time arguing that Plaintiff had failed to file suit within 90 days of receiving her right to sue letter.

## LAW AND ANALYSIS

### I. Plaintiff's Title VII Claim

Title VII employment discrimination plaintiffs must exhaust the available administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002).  Exhaustion occurs once the plaintiff receives a right to sue letter from the EEOC. *Id*. at 379.  "Title VII provides that claimants have ninety days to file a civil action after receipt of such a notice from the EEOC." *Id*. (citing 42 U.S.C § 2000e–5(f)(1)).  "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor*, 296 F.3d at 379.

The right to sue letter was mailed to Plaintiff on June 21, 2012.  The letter included a statement that the EEOC would presume the decision was received within five calendar days from

the date it was mailed. Applying this presumption, Plaintiff would have received the letter on June 26, 2012.[1] Thus, the last day on which Plaintiff could have filed suit was September 24, 2012. Plaintiff did not file this suit until September 26, 2012. Therefore, the Court lacks jurisdiction to consider Plaintiff's title VII claim.

### II. Plaintiff's Remaining Claims

Plaintiff also alleges that her due process rights have been violated. To the extent Plaintiff states a constitutional claim, that claim is preempted. "Title VII provides the exclusive remedy for employment discrimination claims raised by federal employees." *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996) (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976)). Where a plaintiff's constitutional claim arises out of the same set of facts as her title VII claim, the constitutional claim is preempted and cannot provide an independent ground for relief. *Id*. Plaintiffs' constitutional claim and title VII claim arise out of the same set of facts. Therefore, since Plaintiff's only possible remedy is through title VII, and this Court lacks jurisdiction over her title VII claim, Plaintiff's case must be dismissed.

---

[1] The Fifth Circuit has explicitly held under nearly identical circumstances that the five day presumption is reasonable and will be upheld absent a showing of unreasonableness under the circumstances. *Morgan v. Potter*, 489 F.3d 195, 196–97 (5th Cir. 2007). Plaintiff has no presented any evidence to rebut the presumption, and the Court cannot discern any possible argument upon which it could rely to find that the presumption is unreasonable as applied to the facts of this case.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED, and Plaintiff's case is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 1st day of November, 2013.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**